## Horney v. Downs.

### (Decided May 26, 1925.)

### Appeal from Campbell Circuit Court.

1. Guardian and Ward—Notice to Surrender from Infant Landlord Valid, as Against Contention that Guardian Alone could Give Notice.—Notice to surrender given by infant landlord to tenant held valid, as against contention that guardian alone was competent to give such notice.

2. Infants—Infants Special Wards of Courts.—Infants are special wards of courts.

3. Infants—Infancy Available to Infant Only, and Not Adult with Whom he has Dealt.—Infancy is a shield which the infant may employ, but which the adult with whom he deals may not call into play to rescue himself from the obligations of contract with infant.

D. A. TAYLOR for appellant.

C. W. YUNGBLUT for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Appellant, Harney, was found guilty in this forcible detainer case in both the justice's court and the Campbell circuit court, and he brings it here.

Harney rented the house, a residence, at ten ($10.00) dollars per month more than twenty years ago from the predecessor in title of the father of appellee, Myrna Downs, and has occupied it ever since, paying his rentals regularly so far as the record discloses. Some years before this action was commenced the owner of the home died and the property descended to his daughter, who is appellee herein. She was less than twenty-one years of age and lived with her grandmother, to whom the rents were paid by appellant, Horney. The owner, though an infant, gave him notice to surrender the property but he refused and thereafter paid his rents to appellee's attorney. A second notice was given but he failed to move, claiming that as appellee was less than twenty-one (21) years of age she could not give her tenant a valid notice, nor could she authorize another to do so, as an infant cannot appoint an agent, the statutory guardian alone being competent to give such notice. This contention, we think, untenable. He had recognized her as owner and landlady by paying rent to her. She had no statutory guardian. In dealing with her, an infant, he took chances adults take when they deal with infants. Infants are the special wards of courts, and infancy is a shield which the infant may employ, but which the adult with whom he deals may not call into play to rescue himself from the obligations of contract with the infant. In 31 C. J., page 1022, it is said:

"A lease executed by an infant, being voidable and not void, does not bind him absolutely. The lease may be affirmed by accepting the rent. The lessee cannot set up the infant's disability to defeat the lease or to be relieved from its covenants."

A similar defense was made in the case of Fields v. Herrick, 101 Illinois, 110, where it was, in substance, held that a lease executed by a minor is not void, but only voidable at his election and the lessee cannot set up the disability of the lessor to defeat the lease or be relieved from its covenants.

Having reached the conclusion that a notice given by an infant to his tenant has all the efficacy which a similar notice from an adult landlord would have, we think the trial court correctly ruled appellant, Horney, guilty of the forcible detainer, and the judgment is affirmed.

Judgment affirmed.